**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ALEYAH SIDDELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. 4:24-cv-00178 |
| | ) | |
| **vs.** | ) | Removed from the Circuit Court of |
| | ) | St. Louis County, State of Missouri |
| **SEDGWICK CLAIMS MANAGEMENT** | ) | (Case No. 23SL-CC05450) |
| **SERVICES, INC.,** | ) | Jury Trial Demanded |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF REMOVAL**

Defendant Sedgwick Claims Management ("Defendant") hereby removes this action from the 21st Judicial Circuit Court of St. Louis County, State of Missouri to this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, and in support thereof, states as follows:

1.     Plaintiff Aleyah Siddell ("Plaintiff") commenced the above-captioned action in the 21st Judicial Circuit Court of St. Louis County, State of Missouri on or about December 21, 2023, by filing her Petition in the cause styled *Aleyah Siddell v. Sedgwick Claims Management*, Case No. 23SL-CC05450, against Defendant.  A copy of Plaintiff's "Petition for Damages" filed in state court is attached hereto as Exhibit A.  This document was the initial pleading served upon Defendant setting forth the claims upon which such action or procedure is based.

2.     Defendant is entitled to remove this civil action pursuant to 28 U.S.C. §§ 1332 and 1441(b).

3.     Defendant is entitled to remove this action pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists among the parties in that Defendant is now, and was at the time the action was commenced, diverse from Plaintiff.

4.     Plaintiff purports to be a resident of the state of Missouri.  (Exhibit A).

5.      Defendant is a not a citizen or resident of Missouri.  Defendant is a foreign corporation organized under the laws of the State of Illinois.  Its principal office is located in Memphis, Tennessee.  (Exhibit B).

6.      The amount in controversy in this action exceeds $75,000.00 exclusive of costs and interest.  In the Petition, Plaintiff purports to allege three counts under the Missouri Human Rights Act ("MHRA") – 1. Count I Disability Discrimination – Failure to Accommodate, 2. Count II Sex Discrimination, and 3. Count III Retaliation.  Under each count, Plaintiff specifically seeks an amount "exceeding Twenty-Five Thousand dollars ($25,000.00)" for damages and attorneys' fees.  As such, Plaintiff seeks a minimum of $75,000.00.

7.      The MHRA allows for potential recovery of lost back pay.  *See* Mo. Rev. Stat. § 213.111.2.  Under each of the three counts, Plaintiff alleges she "has been deprived of income." (Exhibit A, ¶¶ 74, 93, 109).  Plaintiff's annualized base salary was $31,804.50.  (Exhibit C). Plaintiff alleges Sedgwick terminated her employment on March 27, 2023.  (Exhibit A, ¶ 47).  In the Eastern District of Missouri, the median time interval in months from federal civil case filing to trial is 34.2 months.[1]  Accordingly, the parties reasonably can expect this case to proceed to a trial in approximately the winter of 2026, which would be nearly three years after Plaintiff's termination.  By the time of trial, Plaintiff's claim for lost wages would increase to approximately $95,413.50 (e.g., three years times her annualized base salary).  *See Riffert v. Walgreen Co.*, No. 4:07CV1912 JCH, 2008 U.S. Dist. LEXIS 12751, at *5 (E.D. Mo. Feb. 20, 2008) (holding that at the time of the plaintiff's alleged constructive discharge he was earning approximately $37,674 per year, and "even without factoring in increases," the plaintiff's "back pay alone could exceed

---

[1] *See* Table C-5, U.S. District Couts – Median Time from Filing to Disposition of Civil Cases, https://www.uscourts.gov/statistics/table/c-5/judicial-business/2023/09/30.

the amount in controversy requirement by the time this matter is resolved"). Plaintiff also received benefits, such as medical and dental insurance, which would increase the claim value derived from wages. *See id.*

8. The MHRA also allows for potential recovery of front pay, compensatory damages for emotional distress, punitive damages, and attorneys' fees. *See* Mo. Rev. Stat. § 213.111.2. Under each of the three counts, Plaintiff alleges she "has been deprived of [. . . ] other monetary and non-monetary benefits" and "has suffered – and continues to suffer – garden variety emotional distress and other related compensatory damages." (Exhibit A, ¶¶ 74, 75, 93, 94, 109, 110). She also seeks attorneys' fees. (Exhibit A, ¶¶ 76, 95, 111).

9. The Eastern District of Missouri has noted in a case alleging violations of the MHRA in which a plaintiff listed his compensatory damages at $44,000.00, punitive damages, damages for emotional distress, and attorneys' fees would increase this amount to meet the jurisdictional threshold. *Polites v. Home Depot U.S.A., Inc.*, No. 4:13CV143 CDP, 2013 U.S. Dist. LEXIS 77466, at *5 (E.D. Mo. June 3, 2013). In fact, in another MHRA case in which the estimated compensatory damages were $35,000.00, the Eastern District of Missouri found damages for emotional distress, punitive damages, and attorneys' fees "would allow a finder of fact to 'legally conclude' that the jurisdictional minimum has been met." *White v. UPS*, No. 4:11CV00707 AGF, 2012 U.S. Dist. LEXIS 31280, at *8 (E.D. Mo. Mar. 8, 2012). Additionally, in an MHRA case in which the plaintiff never worked for the defendant, the Eastern District of Missouri awarded the plaintiff $148,435.72 in damages ($28,435.72 in economic damages + $45,000 in compensatory damages and $75,000 in punitive damages) and $47,364.20 for attorneys' fees and costs. *Waller v. Blast Fitness Grp., LLC*, No. 4:15CV00586 AGF, 2017 U.S. Dist. LEXIS 213118, at *11 (E.D. Mo. Dec. 29, 2017). Moreover, the Eighth Circuit has approved

a four-to-one ratio between punitive and compensatory damages as appropriate in MHRA cases. *Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 363 (8th Cir. 2009).

10.     This Notice of Removal is timely filed within the thirty-day period under 28 U.S.C. § 1446(b).  Defendant was served with the Summons and Complaint by personal service on CSC on January 3, 2024.  (Exhibit A).

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.  Venue is also proper in this Court because Plaintiff filed her Petition in the Circuit Court of St. Louis County, Missouri, which is located in the Eastern District, Eastern Division's jurisdiction.  28 U.S.C. § 1441(a).

12.     The following attachments are provided pursuant to 28 U.S.C. § 1446(a).  A copy of the Summons and Complaint and all documents filed in the state court are attached as Exhibit A.

13.     Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of the removal of this action to all parties and will file a copy of this notice in the state court.

WHEREFORE, Defendant hereby removes this action from said state court into this Court.

Respectfully submitted,

**RUSSELL & WONG, PLLC**

*/s/ Lauren A. Wong*
Lauren A. Wong (028118TN)
5050 Poplar Avenue, Suite 1000
Memphis, TN  38157
Telephone:   901.844.4441
lauren@rwlawpllc.com

*Counsel for Sedgwick Claims Management Services, Inc.*

4

**THOMPSON COBURN LLP**

By: */s/ Conor P. Neusel*_____
    Conor P. Neusel, MO - 66111
    One US Bank Plaza
    St. Louis, Missouri  63101
    Tel: 314-552-6089
    Fax: 314-552-7000
    cneusel@thompsoncoburn.com

*Counsel for Sedgwick Claims Management
Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2024, a true and correct copy of the foregoing was served via the court's electronic filing system upon all attorneys of record and U.S. mail and email on:

Paige Sparks
Samantha J. Sparks
2025 Zumbehl Road, #102
St. Charles, MO 63303
paige@sparks-legal.com
sam@sparks-legal.com

*/s/ Lauren A. Wong*_____

5